IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAHRYAR RUSSELL #615373, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:19-cv-2539-G-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE **UNITED STATES MAGISTRATE JUDGE**

Petitioner Shahryar Russell, an inmate at the Elayn Hunt Correctional Center, in St. Gabriel, Louisiana, filed a *pro se* Motion for Disposition in Accordance with 18 U.S.C. App. 2, r. 2 Interstate Agreement of Detainers [Dkt. No. 3] (the "Motion"), which prompted the Clerk of Court to open this 28 U.S.C. § 2241 action, an action which has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

The undersigned enters these findings of fact, conclusions of law, and recommendation (the "FCR") that the Court should dismiss this action – denying the Motion without prejudice – and should provide a copy of the Motion, the FCR, and any order accepting or adopting the FCR to the Criminal Chief of the United States Attorney's Office for this district.

The Motion appears to be made under the Interstate Agreement on Detainers Act (the "IADA"), 18 U.S.C. app. 2, "a congressionally-sanctioned compact between the

federal government and the states," which "creates uniform and cooperative procedures to be used for lodging and executing a detainer when one state seeks to obtain temporary custody of and prosecute a prisoner in another state or federal facility," *Chauhan v. Jones*, No. 4:16-cv-525-A, 2017 WL 6314143, at *2 (N.D. Tex. Dec. 8, 2017) (citing *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001)); *see also, e.g., Williams v. Wetzel*, No. 3:17-cv-1730, 2018 WL 1095568, at *2 (M.D. Pa. Feb. 28, 2018) ("The IADA is a compact between forty-eight states, the federal government, and the District of Columbia (Mississippi and Louisiana are not parties to the agreement)." (citation omitted)).

And, in the Motion, which is directed to the Court, *see* Dkt. No. 3 at 1, but in which Russell requests that the Court serve the United States Attorney for the Northern District of Texas, *see id.* at 3, Russell asserts that he "has Detainers for pending charges of Money Laundering, in violation of 18 USCS § 1956, Felon in Possession of Firearm in violation of 18 USCS § 922(g), Armed Robbery in violation of 18 USCS §§ 2, 2113 and Possession of Cocaine with intent to distribute in violation of 21 USCS § 841" and that he "would like to dispose of these case as soon as possible," Dkt. No. 3 at 1.

Instructively, another judge of this Court has explained how the IADA operates where a movant seeks to have pending Texas charges adjudicated:

> When an IADA-party state has an untried indictment, information, or complaint against the prisoner, it files a detainer with the institution in the state that is holding the prisoner. *State v. Votta*, 299 S.W.3d 130, 135 (Tex. Crim. App. 2009). The prison is required to promptly inform the prisoner that a detainer has been filed against him and that he has the

right to request final disposition of the charges. TEX. CODE CRIM. PROC. ANN. art. 51.14 art. III(c); *Votta*, 299 S.W.3d at 135. The prisoner, in order to invoke the IADA, "shall have cause[ ] to be delivered to the prosecuting officer and the appropriate court of the prosecuting office's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint." TEX. CODE CRIM. PROC. art. 51.14, art. III(a). The prisoner's written request must also be accompanied by

> a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the state parole agency relating to the prisoner.

*Id.*

"The prisoner bears the burden of demonstrating compliance with the procedural requirements of article III." *Walker v. State*, 201 S.W.3d 841, 846 (Tex. App. – Waco 2006, pet. ref'd) (citations omitted). Once the prisoner meets the requirements under Article III(a), then the prisoner must be brought to trial in the receiving state within 180 days from the date on which the prosecuting officer and the appropriate court receives the written request for a final disposition, unless a continuance is granted under the IADA. *Id.*; *Votta*, 299 S.W.3d at 135. If the prisoner is not brought to trial within 180 days, the trial court must dismiss the indictment with prejudice. TEX. CODE CRIM. PROC. ANN. art. 51.14, art. III(d); *Votta*, 299 S.W.3d at 135.

*Chauhan*, 2017 WL 6314143, at *2-*3 (citation modified).

Russell has not shown that the Motion should be granted. First, it is not clear – but it seems reasonable – that he is in Louisiana custody. And, as noted above, Louisiana is not a party to the IADA. But, assuming that the Court should not deny the Motion on that basis alone, Russell, through the Motion, has not demonstrated compliance with the procedural requirements set out in Article III(a) of the IADA.[1] *See*

---

[1] *See* 18 U.S.C. app. 2 § 2 art. III(a) ("Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and

-3-

*generally* Dkt. No. 3.

Further, to the extent that this is a Section 2241 habeas action, such an action should be dismissed, as it seems that Russell is seeking to be tried on federal charges that may be pending in this district and is not challenging the execution of an existing federal sentence. *See, e.g., Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) ("Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992))).

## Recommendation

The Court should dismiss this action, denying without prejudice Petitioner Shahryar Russell's Motion for Disposition in Accordance with 18 U.S.C. App. 2, r. 2 Interstate Agreement of Detainers [Dkt. No. 3], but should provide a copy of that motion; these findings, conclusions, and recommendation; and any order accepting or

---

whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint: *Provided*, That, for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. <u>The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the State parole agency relating to the prisoner</u>." (emphasis added)).

adopting the findings, conclusions, and recommendation to the Criminal Chief, United States Attorney's Office for the Northern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 10, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE